PEOPLE, PLAINTIFF AND APPELLEE, *v.* BLASCO, DEFENDANT AND
APPELLANT.

APPEAL from the First District Court of San Juan in a
Prosecution for Adulteration of Milk.

No. 2282.—Decided June 13, 1924.

ADULTERATION OF MILK.—The owner of a restaurant in which a glass of milk
which proved to be adulterated was sold and served to a customer is as liable
under the law as if he sold the milk principally or exclusively.

The facts are stated in the opinion.
*Mr. R. Rivera Zayas* for the appellant.
*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the
court.

The defendant was sentenced to five days in jail for
having and offering adulterated milk for sale.

The only assignment of error made by him is that the
judgment is not supported by the evidence examined at the
trial.

The appellant maintains that in accordance with the ju-
risprudence of this Supreme Court it is necessary in a case
of this kind to show beyond all reasonable doubt a specific
act of offering or having the milk for sale.

The defendant was the owner of a restaurant. On Jan-
uary 15, 1924, a sanitation inspector went into the place and
ordered a glass of milk. He thought it was not good and
took a sample, which was shown to be adulterated with
30 per cent of water added. The milk was sold to him by
the waiter and the defendant was present when the in-
spector took the sample. The inspector could not say that
the milk was in a sideboard within view of the public nor
that it was kept for sale, but he testified that he ordered it
and it was served to him.

Perhaps on this evidence alone the legal question that
arose was whether in a restaurant where milk is served
with coffee or in custard and other confections, as the de-

fendant testified was the case, it could be considered that the mixing of the milk in such preparations is beyond the scope of the law that penalizes the having or offering for sale milk adulterated with water. We incline to a negative answer. The liability of the defendant is the same as if the milk was sold or offered for sale separately; but in this case all doubt disappears regarding the fact that the milk was offered for sale, for although the defendant testified that he did not usually sell milk and had no license for doing so, he added, however, that he had served it to his patrons at times.

The judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.